**Wayne THOMPSON, Appellant,**

v.

**AMERICAN MERCHANTS MUTUAL INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 21, 1958.

Rehearing Denied Jan. 23, 1959.

Redwine & Redwine, Harold G. Wells, Winchester, for appellant.

White & McCann, Winchester, for appellee.

CLAY, Commissioner.

Plaintiff appellant sought damages under a windstorm insurance policy issued by the defendant. The trial court directed a verdict for the latter on the ground plaintiff had failed to prove the damage was caused by windstorm.

Plaintiff's proof was that on the night of July 25, 1956, there was a windstorm accompanied by a heavy rain in the area where his place of business was located. The next morning he found eight inches of water in his basement which damaged his merchandise. Nine months later he discovered that there was a crack below ground level in one of the down spouts from the roof. The plaintiff produced an expert witness who testified that, among other things, the down spout could have been cracked by the weight of water. He also testified that if the wind blew the down spout entirely full of water, there would be more pressure on it. That is the plaintiff's case.

This is a suit on a windstorm policy. It is plaintiff's theory that the wind blew the rain into the down spout, increased the pressure, cracked it, and water seeped into the basement from the crack. There is not a line of evidence in the record from which it could reasonably be inferred that this did happen, or even that it probably happened. There is a bare breath of testimony suggesting the possibility that plaintiff's flooded basement might have been caused in this manner. Plaintiff's only witness who testified concerning this possibility also testified as follows:

"Q. You don't know of your own knowledge what caused that down spout to break, do you? A. No. It is my opinion, it would be an act of nature.

"Q. It could be caused by heavy rains? A. Yes, or by lightning. It could be caused by heavy rain or could be caused by lightning.

"Q. Or any number of things? A. Any number of things like that."

The testimony in this case indicates that heavy rain was one of the probable causes of the damage. Certainly the evidence does no more than create a suspicion that the wind had anything to do with it. Under such circumstances the plaintiff failed to prove a case for submission to the jury. See Kelly v. Walgreen Drug Stores, 293 Ky. 691, 170 S.W.2d 34. The trial court properly directed a verdict for defendant.

The judgment is affirmed.